ANDERS GUSTAV FREDERICKSON *et al.* Appellees, *vs.* CARL WILHELM CARLSON *et al.*—(HILDUR AXELINE LINCKE, Appellant.)

*Opinion filed February 17, 1915.*

1. EVIDENCE—*when permitting use of document for comparing handwriting is erroneous.* Permitting a handwriting expert to use, for the purpose of comparison, a document containing a genuine signature is erroneous, where the document was improperly admitted in evidence.

2. The court reviews the evidence in this case, and holds that it supports the finding of the court below that the signatures of the testator and one subscribing witness to the alleged will in question tion were forgeries.

APPEAL from the Superior Court of Cook county; the Hon. WILLIAM E. DEVER, Judge, presiding.

THOMAS M. WHITSON, (HARRY F. BREWER, of counsel,) for appellant.

MUSGRAVE, OPPENHEIM & LEE, for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

This is an appeal from a decree of the superior court of Cook county finding that the signatures of John I. Newberg, as testator, and of W. J. Lukens, as an attesting witness, had been forged to an instrument purporting to be the last will and testament of John I. Newberg, deceased, and setting aside the probate of said instrument.

John I. Newberg was a resident of Cook county and died February 10, 1909, leaving no widow or descendant surviving him. On March 1, 1909, appellant, Hildur Axeline Lincke, who was his niece, filed her petition in the probate court of Cook county alleging that Newberg had died intestate, and secured the appointment of an administrator. On January 18, 1911, an instrument purporting to be the last will and testament of John I. Newberg was filed in

the probate court of Cook county, and on October 20, 1911, was admitted to probate, and letters of administration with the will annexed were issued to John F. Devine. This instrument purported to have been executed on July 5, 1906, and devised and bequeathed the whole of the testator's estate to appellant, Hildur Axeline Lincke. Appellees filed their bill in the superior court to set aside the probate of this instrument, charging that the signatures of the testator and one of the witnesses attached thereto had been forged, and that the instrument was not, therefore, the last will and testament of Newberg.

The grounds urged for reversal of the decree are that the court admitted improper and incompetent evidence, and that the decree is against the clear weight and preponderance of the evidence.

The will purports to have been witnessed by W. J. Lukens and E. S. Rowley, whose names are subscribed to the usual attestation clause that the instrument had been signed by the testator in their presence, and that they, at his request and in his presence and in the presence of each other, subscribed their names as witnesses. Rowley was called as a witness by appellant and testified minutely to all the circumstances attending the execution and witnessing of the instrument. Lukens died in the autumn of 1906, and the appellant produced four witnesses who testified that they knew the signature of Lukens, and that the signature attached to the instrument as an attesting witness was the genuine signature of Lukens. Appellees, on the other hand, produced seven witnesses who testified that this was not the signature of Lukens. The four witnesses who testified on behalf of the appellant as to Lukens' signature were all persons who had transacted business with him and who had had many opportunities to see him write and who gave evidence of being familiar with his signature. The seven witnesses who testified on the subject on behalf of appellees included Lukens' attorney, who had transacted considerable

business for him and who had drawn his will; five men who had had more or less extensive business relations with him and who had seen him write on numerous occasions and were familiar with his signature; and one man now a practicing attorney but who had for seventeen years occupied the position of paying teller in a bank at which Lukens had transacted some business and who qualified as an expert in handwriting.

The witness last mentioned was permitted, during the course of his examination, to use an instrument containing the genuine signature of Lukens, which had been previously admitted in evidence, for the purpose of comparing it with the signature attached to the purported will, and it is urged that this was error. This contention is based upon the ground that the paper containing the genuine signature of Lukens was introduced in evidence for the sole purpose of making such comparison. An inspection of the record discloses that this paper was improperly admitted, and its use by the handwriting expert in making comparisons was therefore erroneous.

Exclusive of the handwriting expert the witnesses who testified on behalf of appellees that the signature of Lukens was not genuine had enjoyed as favorable opportunities for becoming acquainted with his signature as the witnesses who testified for appellant, and we think the finding of the decree as to the signature of Lukens is supported by a clear preponderance of the evidence. The testimony on behalf of appellant on this point was supported by that of the witness Rowley, who testified that Lukens had signed the instrument in his presence and that it was his genuine signature. The testimony of this witness was of such a character that the chancellor was warranted in attaching but little weight to it. The testimony of appellees' witnesses that the signature attached to the will is not the genuine signature of Lukens is supported by the fact that following that signature, and in the same handwriting, the residence

of Lukens is given as "2032 Kenmore ave., Chicago, Illinois," a place at which he had never resided. On the whole case, after disregarding entirely the testimony of the handwriting expert, the finding of the chancellor that the signature of Lukens was a forgery is supported by the greater weight of the evidence.

Aside from Rowley, four witnesses were produced by appellant who testified that the genuine signature of John I. Newberg was attached to the instrument. Among these were persons who had been more or less closely associated with him in business and who had had abundant means of becoming acquainted with his handwriting. But one witness testified on behalf of appellees that this was not the genuine signature of Newberg. This was a man who had been associated in business with Newberg for many years and who had corresponded with him extensively. He testified positively that the purported signature of Newberg attached to the will was a forgery. Twenty-six letters, written on various dates between January, 1899, and January, 1909, were produced, each of which was conceded to have been written by Newberg and to have attached thereto his genuine signature. By stipulation these letters were admitted in evidence for the sole purpose of allowing the chancellor to compare the signatures of Newberg attached thereto with the signature purporting to be that of Newberg attached to the will, and these exhibits, together with the will, have been certified to us for our inspection and comparison. If any doubt existed from the testimony of the witnesses as to the correctness of the finding of the chancellor that the signature of Newberg to the purported will was forged, it is readily dissipated by an inspection of the signatures attached to these twenty-six letters and a comparison of them with the purported signature to the will.

A significant circumstance in this case is that the record does not disclose where, when, by whom or under what circumstances the purported will was found, although it was

not presented for probate for almost two years after the death of Newberg.

The finding of the chancellor that the signatures of Lukens and Newberg were forgeries is supported by the clear weight and preponderance of the evidence, and the decree is affirmed.

*Decree affirmed.* ·